UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONDALE MCDOWELL and
LEONARD E. TUNSIL,

      Plaintiffs,

v.                                              Case No. 8:15-cv-0077-T-17MAP

STATE OF FLORIDA *et al.*,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff McDowell seeks *in forma pauperis* status under 28 U.S.C. § 1915 (doc. 2) so he and presumably his co-Plaintiff can prosecute their complaint charging the State of Florida, its branches of government, entities within those branches of government, and three private corporations (Walmart Corporation, G4S Secure Solutions, and ABM Security Services) with violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The complaint, a single spaced document that includes thirty pages of attachments, is mostly a rambling, nonsensical discourse that accuses the Defendants (whom the Plaintiffs label the "Florida Mafia") of intimidation, retaliation, perjury, false prosecutions, illegal wiretapping, and other illegal acts. Clearly, the complaint is frivolous and without legal merit. Accordingly, I recommend the motion to proceed *in forma pauperis* be denied and the complaint be dismissed for the reasons outlined here.

      Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted. A district court may conclude a case has little or no

chance of success and dismiss the complaint when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). When a complaint is obviously frivolous and any attempt to amend it would be futile under Fed. R. Civ. P. 15, a district court can dismiss an *in forma pauperis* complaint for failure to state a claim. *Troville v. Yenz*, 303 F.3d 1256, 1260 n. 5 (11th Cir. 2002). That is the case here as almost every Defendant is immune from suit under the Eleventh Amendment in any event. *Gamble v. Florida Dept. of Health and Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986) ("Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court … this includes suits such as the instant case in which a state is being sued by its own citizen."). As such, it is

RECOMMENDED:

1. That Plaintiff Rondale McDowell's motion for leave to proceed *in forma pauperis* (doc. 2) be DENIED.

2. And that the Plaintiffs' complaint be dismissed and the case be administratively closed.

IT IS SO REPORTED at Tampa, Florida on March 19, 2015.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after being served with a copy shall bar any party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).

cc: The Hon. Elizabeth A. Kovachevich
    Counsel of Record